UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLOR IMAGE APPAREL, INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>BRITTANY LINDER, an individual doing business as Bella del Mar; KIM CHACON, an individual doing business as Bella del Mar; CHACON LINDER, a California corporation, and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 8:16-cv-00831-JVS-JCG<br>Hon. James V. Selna<br><br>[~~PROPOSED~~] STIPULATED PROTECTIVE ORDER<br><br><br>Complaint filed:   05/03/2016 |

Pursuant to stipulation between the parties, plaintiff Color Image Apparel, Inc. ("CIA"), and defendants Brittany Linder, Kim Chacon, and Chacon Linder (collectively, "Defendants"), and for good cause appearing,

IT IS HEREBY ORDERED as follows:

The Materials (defined below) to be exchanged in the course of the litigation between the parties may contain confidential financial, marketing, customer or other commercial information, as is contemplated by Federal Rule of Civil Procedure 26(c)(7). This Stipulated Protective Order ("Order") is to protect the confidentiality of such Materials as much as practically possible during the litigation.

## DEFINITIONS

1. The term "Confidential Information" means and includes information disclosed or to be disclosed during this litigation including, without limitation, information contained in any Materials and information provided in documents, portions of documents, answers to interrogatories, responses to requests for admissions, and deposition testimony, including data, summaries, compilations, copies, abstracts, and any other format reproducing or capturing such information or otherwise derived from such information that meets the designation requirements of "CONFIDENTIAL" as set out in paragraph 6 below.

2. The term "Counsel" means outside Counsel of Record and shall also include other attorneys, paralegals, secretaries, and other support staff employed by Counsel.

3. The term "Counsel of Record" means (i) outside counsel who appear in the action in any capacity as counsel for a party, (ii) partners, principals, counsel, associates, employees, and contract attorneys of such outside counsel to whom it is reasonably necessary to disclose the Confidential Information for this action, including supporting personnel employed by the attorneys, such as paralegals, legal secretaries, and legal clerks, and/or (iii) independent shorthand reporters retained to record and transcribe testimony in this case and videographers retained to film testimony in this action.

4. The term "Independent Expert" means a person with specialized knowledge or experience in a matter pertinent to the case who has been retained by Counsel to serve as an expert witness or as a litigation consultant in this case, and who is not a current employee of a party or of a competitor of a party and who, at the time of retention, is not anticipated to become an employee of, or a non-litigation consultant of a party or competitor of a party.

5. The term "Material" includes but is not limited to: electronically stored information, including emails, text messages, and files created in Microsoft Word or

n & Tucker LLP
orneys at law

1069/101795-0165
9924274.1 a07/30/16

-2-

8:16-cv-00831-JVS-JCG
STIPULATED PROTECTIVE ORDER

Excel; documents; correspondence; e-mails; memoranda; specifications; customer lists or other matter that identify customers or potential customers; price lists or schedules or other matter identifying pricing; minutes; statements; cancelled checks; contracts; invoices; drafts; books of account; worksheets; notes of conversations; desk diaries; appointment books; expense accounts; recordings; photographs; compilations from which information can be obtained and translated into reasonably usable form through detection devices; sketches; drawings; notes; reports; instructions; disclosures; other writings; models and prototypes; and other physical objects.

## GENERAL RULES GOVERNING DISCLOSURE

6.  Each party to this litigation that produces or discloses any Confidential Information and/or Material, or any other information or Material that the producing party believes should be subject to this Order, may designate the same as "CONFIDENTIAL." A party may designate Material as "CONFIDENTIAL" only if the Material is non-public, the party treats the Material as confidential in the course and scope of its business, and if the party believes in good faith the unrestricted disclosure of such information and/or Material could be potentially prejudicial to the business or operations of such party.

7.  Whenever a deposition taken on behalf of any party involves a disclosure of Confidential Information of any party:

> (a) The deposition or portions of the deposition must be designated as containing Confidential Information subject to the provisions of this Order; such designation must be made on the record whenever possible, but a party may designate portions of depositions as containing Confidential Information after transcription of the proceedings; a party will have until fourteen (14) days after receipt of the deposition transcript to inform the other party or parties of the portions of the transcript to be designated "CONFIDENTIAL."

n & Tucker LLP
orneys at law

1069/101795-0165
9924274.1 a07/30/16

-3-

8:16-cv-00831-JVS-JCG
STIPULATED PROTECTIVE ORDER

1   (b) The disclosing party will have the right to exclude from attendance at the deposition, only during such time as Confidential Information is to be disclosed, any person, other than the deponent and other than those individuals permitted access under this Order, the court reporter, and the person(s) agreed upon pursuant to paragraph 9 below; and

(c) The originals of the deposition transcripts and all copies must bear the legend "CONFIDENTIAL" and the original or any copy ultimately presented to a court for filing must not be filed unless it can be accomplished under seal, identified as being subject to this Order, and protected from being opened except by order of this Court.

8. Confidential Information must not be disclosed by the receiving party to anyone other than those persons permitted access within this Order and must be handled in the manner set forth below and must not be used for any purpose other than in connection with this litigation, unless and until such designation is removed either by agreement of the parties or order of the Court.

9. Materials designated "CONFIDENTIAL" may be viewed only by the following persons:

(a) The parties and their Counsel;

(b) The Court and its personnel and staff;

(c) Independent Experts;

(d) Non-party witnesses at deposition where the examining party determines it is necessary to show Confidential Information to such non-party and there is no less invasive way to secure the testimony;

(e) Independent legal translators retained to translate in connection with this action;

(f) Independent copying, scanning, technical support, and electronic document processing services retained by Counsel in connection with this action;

n & Tucker LLP
orneys at law
1069/101795-0165
9924274.1 a07/30/16
-4-
8:16-cv-00831-JVS-JCG
STIPULATED PROTECTIVE ORDER

  (g) Graphics, translation, or design services retained by Counsel for purposes of preparing demonstrative or other exhibits for deposition, trial, or otherwise in connection with this action;

  (h) Non-technical jury or trial consulting services retained by Counsel in connection with this action.

With respect to persons described in subparagraphs (c) through (h), the Confidential Information may be given to such persons only where each such individual has read this Order in advance of disclosure and agreed in writing to be bound by its terms, and has executed a copy of the form attached hereto as Exhibit A in advance of access.

  10. With respect to all Materials designated "CONFIDENTIAL," any person indicated on the face of the document to be its originator, author, or a recipient of a copy of the document, may be shown the Confidential Information.

  11. All Materials which have been designated as "CONFIDENTIAL," and any and all reproductions, must be retained in the custody of the Counsel of Record for the receiving party, except that Independent Experts authorized to view such information under the terms of this Order may retain custody of copies such as are necessary for their participation in this litigation.

  12. Before any Material produced in initial disclosures or discovery, answers to interrogatories, responses to requests for admissions, deposition transcripts, or other documents designated as "CONFIDENTIAL" are filed with the Court, the party seeking to file such Material must seek permission of Court to file the Material under seal. Any request to file such Material under seal must comply with Central District Local Rule 79-5.

  13. At any stage of these proceedings, any party may object to the designation of Confidential Information. The objecting party must notify, in writing, Counsel for the designating party of the objected to designation of such Confidential Information and the grounds for the objection. If the dispute is not

n & Tucker LLP
orneys at law
1069/101795-0165
9924274.1 a07/30/16
-5-
8:16-cv-00831-JVS-JCG
STIPULATED PROTECTIVE ORDER

resolved consensually between the parties within seven (7) days of receipt of the notice of objections, the objecting party may move the Court for a ruling on the objection. The Confidential Information at issue must be treated according to the designation until the Court has ruled on the objection or the matter has been otherwise resolved.

14. All Confidential Information must be held in confidence by those authorized by this Order to inspect or receive it, and must be used only for purposes of this litigation. Counsel for each party and each person receiving Confidential Information must take reasonable precautions to prevent the unauthorized or inadvertent disclosure of such Confidential Information. If Confidential Information is disclosed to any person other than a person authorized by this Order, the party responsible for the unauthorized disclosure must immediately bring all pertinent facts relating to the unauthorized disclosure to the attention of the other parties and, without prejudice to any rights and remedies of the other parties, make every effort to prevent further disclosure by the party and by the person(s) receiving the unauthorized disclosure.

15. No party will be responsible to another party for disclosure of Confidential Information under this Order if the Confidential Information in question is not labeled or otherwise designated in accordance with this Order.

16. If a party, through inadvertence, produces any Confidential Information without labeling or marking or otherwise designating it as such in accordance with this Order, the designating party may give written notice to the receiving party that the document or thing produced is to be designated "CONFIDENTIAL," and that the document or thing produced should be treated as such in accordance with that designation under this Order. The receiving party must treat such designated Confidential Information in accordance with this Order, once the designating party notifies the receiving party. If the receiving party has disclosed such Confidential Information before receiving the designation, the receiving party must notify the

n & Tucker LLP
orneys at law
1069/101795-0165
9924274.1 a07/30/16
-6-
8:16-cv-00831-JVS-JCG
STIPULATED PROTECTIVE ORDER

designating party in writing of each such disclosure, and the receiving party will make every effort to prevent further disclosure by the party and by the person(s) receiving such inadvertently produced Confidential Information and shall require that the party who received the Confidential Information return it, as well as all copies, to Counsel. Counsel for the parties will agree on a mutually acceptable manner of labeling or marking the inadvertently produced Confidential Information as "CONFIDENTIAL."

17. Nothing in this Order prejudices the right of any party to object to the production of any discovery on the grounds that Materials, regardless of whether designated "CONFIDENTIAL," are protected by the attorney-client, attorney work product, or any other applicable privilege.

18. This Order is without prejudice to the right of any party to oppose production of any Confidential Information for lack of relevance/discoverability, or on any other ground other than the mere presence of Confidential Information. The existence of this Order must not be used by either party as a basis for discovery that is otherwise improper under the Federal Rules of Civil Procedure.

19. Final Disposition.

Unless otherwise agreed to by the parties in writing, within sixty (60) days after the Final Disposition of this litigation, as defined below, each receiving party authorized by this Order must return all Confidential Information to the producing party or destroy such Confidential Information. Whether the Confidential Information is returned or destroyed, Counsel for the receiving party must submit a written certification to Counsel for the producing party (and, if not the same person or entity, to the designating party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Confidential Information that was returned or destroyed and (2) affirms that the receiving party has not retained any of the Confidential Information. Notwithstanding this provision, and unless otherwise agreed by the parties in writing, Counsel are entitled to retain an archival copy of all

n & Tucker LLP
orneys at law
1069/101795-0165
9924274.1 a07/30/16
-7-
8:16-cv-00831-JVS-JCG
STIPULATED PROTECTIVE ORDER

pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such Material contains Confidential Information. Any such archival copies that contain or constitute Confidential Information remain subject to this Order as set forth herein. Even after Final Disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a designating party agrees otherwise in writing or a Court otherwise directs. "Final Disposition" means the later of (1) dismissal of all claims and defenses in this litigation, with or without prejudice, and (2) final judgment in this litigation after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

20. The restrictions and obligations set forth within this Order shall not apply to any Confidential Information that: (a) the parties mutually agree should not be subject to this Order; (b) the parties mutually agree, or the Court rules, is already public knowledge; (c) the parties mutually agree, or the Court rules, has become public knowledge other than as a result of disclosure by the receiving party, its employees, or its agents in violation of this Order; or (d) has come or will come into the receiving party's legitimate knowledge independently of the production by the designating party. Prior knowledge must be established by pre-production documentation.

21. The restrictions and obligations within this Order shall not be deemed to prohibit discussions of any Confidential Information with anyone if that person already has or obtains legitimate possession of that information.

22. Transmission by facsimile or e-mail is acceptable for all notification purposes within this Order.

n & Tucker LLP
orneys at law
1069/101795-0165
9924274.1 a07/30/16
-8-
8:16-cv-00831-JVS-JCG
STIPULATED PROTECTIVE ORDER

23. This Order may be modified by written agreement of the parties, subject to approval by the Court.

24. The Court may modify the terms and conditions of this Order for good cause, or in the interest of justice, or on its own order at any time in these proceedings. The parties prefer and respectfully request that the Court provide them with notice of the Court's intent to modify the Order and the content of those modifications, prior to entry of such an order.

25. Even after the termination of this litigation, the confidentiality and other obligations imposed by this Order shall remain in effect until the producing party agrees otherwise in writing or the Court otherwise directs. Any Final Disposition of this litigation as to any or all parties will include a specific provision that the Court will retain jurisdiction to enforce the terms of this Order for a period of two (2) years following such Final Disposition unless otherwise ordered by the Court and that the parties, Counsel, and any individual who receives any Confidential Information authorized by this Order consents to the personal jurisdiction of the Court for that purpose.

Dated: July 30, 2016     RUTAN & TUCKER, LLP

By: /s/ Michael Adams
Michael Adams
Attorneys for Plaintiff Color Image Apparel, Inc.

Dated: July 30, 2016     LAW OFFICES OF DARRYL C. SHEETZ

By: *Darryl C. Sheetz*
Darryl C. Sheetz
Attorneys for Defendants Kim Chacon, Brittany Linder, and Chacon Linder

1  **IT IS SO ORDERED.**

2  Dated: August __5__, 2016

3  _____
   Honorable Jay C. Gandhi
4  United States Magistrate Judge

5  ///
6  ///
7  ///
8  ///
9  ///
10 ///

# EXHIBIT A

# EXHIBIT A

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLOR IMAGE APPAREL, INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>BRITTANY LINDER, an individual doing business as Bella del Mar; KIM CHACON, an individual doing business as Bella del Mar; CHACON LINDER, a California corporation, and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 8:16-cv-00831-JVS-JCG<br>Hon. James V. Selna<br><br>**AGREEMENT TO BE BOUND BY PROTECTIVE ORDER**<br><br>Complaint filed: 05/03/2016 |

I, _____, declare and say that:

1. I am employed as _____ by _____.

2. I have received and read a copy of the Protective Order entered in Color Image Apparel, Inc. v. Brittany Linder, Kim Chacon, and Chacon Linder, Case No. No. 8:16-cv-00831-JVS-JCG, and understand and agree to abide by its terms.

3. I agree to keep confidential all Confidential Information provided to me in this matter, in accordance with the restrictions in the Protective Order.

4. I acknowledge that by signing this agreement I am subjecting myself to the jurisdiction of the United States District Court for the Central District of California with respect to enforcement of the Protective Order.

/ / /

/ / /

/ / /

/ / /

Exhibit __A__, Page __12__

Rutan & Tucker LLP
attorneys at law

2314/101795-0165
9924274.2 a07/29/16

-11-

8:16-cv-00831-JVS-JCG
STIPULATED PROTECTIVE ORDER

5. I understand that any disclosure or use of Confidential Information in any manner contrary to the provisions of the Protective Order may subject me to sanctions for contempt of Court.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated: _____          _____

EXHIBIT __A__, PAGE __13__